IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CORDELL HUGHES                                                                                    PETITIONER

vs.                              Civil Case No. 3:17-cv-00192 DPM-JTK

MARTY BOYD, Sheriff,
Craighead County                                                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

**Introduction**

Before the Court are the Complaint and Amended Complaint filed by Cordell Hughes on July 28, 2017 and September 5, 2017, respectively, attacking his pretrial detention in the Craighead County Detention Center.[1] (DE ## 1, 5).

Petitioner states that he was arrested in Jonesboro, Arkansas, on May 18, 2017, at Motel 6 by Jonesboro Police Department on "incidents that I was falsely accused for from

---

[1] District Judge Marshall reclassified this case as a habeas case on October 11, 2017, and referred it to the appropriate Magistrate Judge for further proceedings.

May 15, 2017[.]" (DE #5, at p. 4). He states he has been incarcerated with no formal charges brought against him. He later states, however, that upon filing a grievance, he received from the circuit clerk papers that show charges had been filed and that he and his public defender supposedly signed. He states his public defender told him that no charges had been filed, and he claims he has yet to go before a judge, although he has received a copy of his "motion for discovery and the facts of which my charges are formed[.]" (DE # 5, at p. 5).

For the reasons discussed below, the Court recommends that the Petition be dismissed without prejudice. *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal of a habeas petition on a preliminary review if "it plainly appears from the petition . . . that the petitioner is not entitled to relief[.]"

**Discussion**

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), "thereby affording those courts the first opportunity to address and correct" alleged violations of a prisoner's federal constitutional rights. *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement applies to § 2241 habeas petitions challenging a pending state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution). Federal courts should decline jurisdiction over pretrial habeas

petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.").

Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures. Thus, this habeas action should be dismissed, without prejudice.

## Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED, and that the case be DISMISSED, WITHOUT PREJUDICE.

IT IS ALSO RECOMMENDED that the Motion for Leave to Proceed in forma pauperis be DENIED AS MOOT.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.

SO ORDERED this 16th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE